UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RANDY EARL EVIL,

                  Petitioner,               Case No. 1:20-cv-343

v.                                   Honorable Robert J. Jonker

GRETCHEN WHITMER et al.,

                  Respondent.
_____/

**<u>OPINION</u>**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.
*See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (holding that, where a pretrial
detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief
under 28 U.S.C. § 2241).  The Rules Governing § 2254 Cases may be applied to petitions filed
under § 2241.  See Rule 1(b), Rules Governing § 2254 Cases.

        Promptly after the filing of a petition for habeas corpus, the Court must undertake
a preliminary review of the petition to determine whether "it plainly appears from the face of the
petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district
court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be
summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court
has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4
includes those petitions which raise legally frivolous claims, as well as those containing factual
allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37

(6th Cir. 1999).   After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

<u>**Discussion**</u>

### I.       Factual allegations

Petitioner Randy Earl Evil is detained at the Calhoun County Jail.  (Pet., ECF No. 1, PageID.5.)  He indicates that he is medically fragile—and particularly susceptible to respiratory infection.  In light of the risks of infection with the COVID-19 virus in the jail environment, he contends his continued detention violates his due process rights.

Petitioner alleges that he has no charges pending against him and that his criminal file is closed.  (*Id.*)  The petition references "Exhibit B" in support of that allegation.  The declaration of Petitioner's wife is the only exhibit attached to the complaint.  In ¶ 17 of the declaration, she suggests, but does not state, that there are no charges pending against Petitioner.

Petitioner has also requested a temporary restraining order compelling his release pending the Court's decision on his petition.  (ECF No. 3.)  In Petitioner's supporting brief he states: "He has not been charged with anything. Cruz Decl. Ex. C (rap sheet showing criminal file is closed); Evil Decl. ¶17."  (Pet'r's Br., ECF No. 3, PageID.53.)  Exhibit C, however, is not a "rap sheet;" it is the Register of Actions from Michigan's 10th District Court regarding Petitioner's arraignment and preliminary examination on one count of armed robbery, in violation of Mich. Comp. Laws § 750.529.  The exhibit indicates that Petitioner was bound over to circuit court on the charge.  Petitioner has not supplied the register of actions from the circuit court.

Publicly available records from the Calhoun County Circuit Court indicate that he is        presently        being        prosecuted        for        armed        robbery.        *See*

2

https://micourt.courts.michigan.gov/CaseSearch/Terms?ReturnUrl=%2FCaseSearch%2FCourt%2FC37 (search Randy Evil) (visited April 22, 2020).[1]  A jury trial is set for July 1, 2020.  *Id*.

## II.  Cognizability

Petitioner's request for relief is not a typical habeas petition.  The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983.  *Id*.  The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions.  *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.  *See* Note, Developments in the Law—Habeas Corpus, 83 Harv.L.Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted).

But, the Court has also never upheld a "conditions of confinement" habeas claim.  Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never

---

[1] Under the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, a federal court conducting initial review of a habeas petition may consider "any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions.  The judge may order any of these items for his consideration if they are not yet included with the petition."  Rule 4 Advisory Committee Notes.  Moreover, a court is permitted to "take judicial notice of facts contained in state court documents pertaining to [a petitioner]'s prior conviction so long as those facts can be accurately and readily determined."  *United States v. Davy*, 713 F. App'x 439, 444 (6th Cir. 2017) (citing *United States v. Ferguson*, 681 F.3d 826, 834-35 (6th Cir. 2012)).  For both reasons, the Court has reviewed online Calhoun County Circuit Court records.

followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983."). Petitioner's claims regarding the constitutionality of his custody in the jail because of his particular susceptibility to respiratory disease are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983.

But, the relief Petitioner seeks—release from custody—is available only upon habeas corpus review. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release

4

from illegal custody).  Undoubtedly, for that reason, Petitioner has sought relief under 28 U.S.C. § 2241.  The Court will address Petitioner's claims as he has raised it, as a claim for habeas relief. The Sixth Circuit has suggested it would be wrong to do otherwise.  *Martin v. Overton*, 391 F. 3d 710, 714 (6th Cir. 2004)

## III.  Exhaustion of State Court Remedies

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available.  A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available.  Neither of those statutes permits relief to a pretrial detainee.  Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241.  *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254.  Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner.  Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available.  A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."  *See Atkins,* 644 F.2d at 546 & n.1.

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances:  (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v.*

*Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).  Petitioner's claims regarding the conditions of his confinement do not fall within any of these exceptional circumstances.

Moreover, even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court.  *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted).  The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner does not indicate that he has sought relief in the state courts for the due process violations he alleges.  Moreover, it appears that state court remedies are still available to him.  Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders— indeed, the rule contemplates circumstances that warrant emergency release.  Additionally, the rule provides for appeal of the custody decision by motion.  Mich. Ct. R. 6.106(H)(1).

To properly exhaust his claim, Petitioner must file a motion in the Calhoun County Circuit Court seeking relief from the order detaining him.  If his motion is denied by the circuit court, Petitioner must pursue available appeals of that decision.  Relief under § 2241 is not available until after Petitioner has pursued his state court remedies .

## IV.     Temporary restraining order

Petitioner seeks a temporary restraining order compelling his release from the Calhoun County Jail.  Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)).  The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).

In exercising that discretion, a court must consider whether the plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.*  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers.  *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met."); *National Viatical, Inc. v. Universal Settlements Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013) (same); *Ne. Ohio Coal.*, 467 F.3d at 1009 (same).

Here, because Petitioner has failed to exhaust available state court remedies, he has no chance of success on the merits of his claim. Accordingly, preliminary injunctive relief is inappropriate.

## V.     Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although I conclude that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

8

**<u>Conclusion</u>**

The Court will enter a judgment dismissing the petition for lack of exhaustion, denying Petitioner's motion for temporary restraining order (ECF No. 3), and an order denying a certificate of appealability.

Dated:  __April 22, 2020__        __/s/ Robert J. Jonker_____
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE